STATE OF MISSOURI ex rel. W. S. KENDALL, Relator, v. GEORGE WILSON et al., Respondents.

**Springfield Court of Appeals, December 5, 1910.**

1. **MANDAMUS: Matter Happening After Issue of Alternative Writ: Municipal Corporations: Removal of Officers.** Respondents in a mandamus proceeding have the right to allege things transpiring after the issue of the alternative writ as a reason why the peremptory writ should not issue; so where an alternative writ was served on the members of a board of aldermen to reinstate the relator as city treasurer, or show cause, it was proper in their return to assign as a reason for not reinstating the relator, that he had, since the issuance of the alternative writ, been tried on charges and removed from office.

2. **MUNICIPAL CORPORATIONS: Officers: Removal of Officers: Appointing Officers.** Section 9310, Revised Statutes 1909, plainly provides that as to elective officers the removal must be for cause, but as to appointed officers the removal is at the will or pleasure of the mayor, and a majority of all the members of the board of aldermen, or the appointive officer may be so removed by a two thirds vote of all the members of the board, independent of the mayor's approval, and this may be done without preferring any charges against the officer.

Original Proceeding by Mandamus.

PEREMPTORY WRIT DENIED.

*W. B. S. Kimes* and *J. M. McPherson* for relator.

*Parker Potter* for respondent.

GRAY, J:—On the 17th day of October of the present year, an alternative writ of mandamus was issued in vacation by one of the judges of this court, returnable to the court in session. Return has been made by the respondents and the relator has filed a motion for a peremptory writ, notwithstanding the return, and the cause has been heard by the court.

Mt. Vernon, Mo., is a city of the fourth class and was such at all times hereinafter mentioned. The relator, on the first Tuesday in May, 1910, was duly appointed city treasurer of the city for a term of two years from said date. He qualified, gave bond to the city, as required by law and the ordinance of the city, and assumed the duties of his office as treasurer. The respondents, except Gus A. Schmidtke, constitute six of the eight members of the board of aldermen of the city.

On the 3d day of August, 1910, the board passed an ordinance entitled: "An ordinance concerning the selection of a city depository." The ordinance provides that all funds of the city shall be kept by the city depository. The ordinance was presented to the mayor, who refused to sign the same, and returned it to the board with his objections in writing. The mayor refused to sign the ordinance because he believed the board was without authority to pass the same. It was the contention of the mayor that the board of aldermen had a right to select a city depository for the sinking fund of the city, but not for its general funds. The board selected a banking corporation as city depositary, after the ordinance had been passed by the respondents over the objection of the mayor. The board of aldermen on the 17th day of September, made an order of record directing the relator to deposit all

money in his care as treasurer, with the city depository. The treasurer refused to obey the order, and insisted that he had the right, under the law, to keep the general funds of the city under his control.

On the 7th day of October, 1910, two of the respondents filed with the city clerk, charges in writing against the relator. The charges set forth the conduct of the treasurer relating to the ordinance above mentioned, substantially as heretofore stated.

In addition to that charge, it was further stated that on or about the 4th day of October, 1910, at a regular meeting of the board of aldermen, the board ordered a warrant drawn on the general fund of the city, in favor of one Al Ball, for his salary as superintendent of the city water and electric light plant, in the sum of eighty dollars; that the city clerk executed the warrant as directed, presented the same to the mayor, who signed it, and delivered to said Ball; that on the 5th day of October, and while there was in the treasurer's hand, belonging to said general funds, sufficient money to pay the warrant, it was duly presented to the relator by Ball for payment; that the relator willfully, knowingly and intentionally, and in disregard of his duty, refused to pay the warrant. A copy of the charges was served on the relator on October 8th, and the board fixed Monday, the 24th day of October, as the time for a hearing on the charges. As soon as the charges were filed, the board of aldermen attempted to suspend the relator from his office, and appointed the respondent, Gus. A. Schmidtke, treasurer of the city in the place of the relator. While the matter was in this situation, the relator applied for a writ of mandamus, and the same was issued, commanding the respondents to reinstate the relator, or show cause.

The return admits the appointment of the relator, and that he qualified and assumed the duties of the office. It is further alleged therein the filing of

151 App—46

the charges above referred to; that a trial was had on the 24th day of October, 1910, at which the relator and his counsel were present; that evidence for the city and on behalf of the relator was heard fully establishing the guilt of the relator; that the board voted separately on each charge in the complaint, and on roll call, on each charge, six aldermen voted guilty, one refusing to vote, and one absent, and thereupon, the relator was removed from his office.

The motion for the peremptory writ, notwithstanding the return, is based upon two propositions. It is first claimed the board was without authority to suspend the relator, and that after the alternative writ was issued, the board was without jurisdiction to try him on the charges.

The alternative writ did not attempt to stay the proceedings before the board on the merits of the charges. It only related to the action of the board in suspending the relator. The return now alleges as a reason for not reinstating the relator that he has been tried on the merits of the charges and removed from office. The rule is, that respondents in a mandamus proceeding, have the right to allege things transpiring after the issue of the alternative writ, as a reason why the peremptory writ should not issue.

It is next claimed that if the treasurer was guilty of the charges alleged in the complaint they did not constitute sufficient grounds for his removal. Section 9310 of the Revised Statutes of 1909, relating to the removal of officers in cities of the fourth class, provides that the mayor with the consent of a majority of all the members elected to the board of aldermen, may remove from office, for cause shown, any elective officer, such officer being first given opportunity to be heard before the board sitting as a board of impeachment. And that any such elective officer may remove, by two-thirds majority of all the members elected to the board of aldermen, independent of the mayor. The section fur-

ther provides that the mayor, with the consent of the majority of all the members elected to the board of aldermen, may remove from office, any appointive officer of the city at will, and any such appointive officer may be so removed, by two-thirds votes of all the members elected to the board of aldermen independently of the mayor's approval or recommendation.

It will be noticed when the whole section is read, that it plainly provides as to elective officers, the removal must be for cause, but as to appointive officers, the removal is at the will or pleasure.

Under the provisions of this section, the respondents constituting a two-thirds majority of all the members elected to the board of aldermen had the right to remove the relator without any charges or hearing being had thereon. [State ex rel. v. Maroney, 191 Mo. 532, 90 S. W. 141; Dillon on Municipal Corporations, vol. 1, sec. 250, 4 Ed.; People v. New York, 82 N. Y. 491.] This right is given by the charter, and no ordinance of the city could take it away. Peremptory writ denied. All concur.