John C. RUSSELL, Plaintiff-Respondent,

v.

CITY OF RAYTOWN,
Defendant-Appellant.

John C. RUSSELL, Plaintiff-Appellant,

v.

CITY OF RAYTOWN,
Defendant-Respondent.

Nos. KCD 27921, 27922.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Application to Transfer Denied
Jan. 10, 1977.

Richard T. Cole, Raytown, for appellant City of Raytown.

Robert K. Ball, II, Kansas City, Jackson & Sherman, Kansas City (of counsel), for Russell.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

John C. Russell was appointed city attorney of the City of Raytown, a fourth class city, in May, 1968, and served until he was removed in April, 1971. Sections 79.230 and 79.240, RSMo 1969. Following his dismissal, Russell filed suit against the City in which he contended his removal was ineffective because he had been appointed by ordinance but had been removed by resolution of the Board of Aldermen and because he was not accorded notice and hearing at which cause for his dismissal was shown, as provided by the personnel ordinance of the City.

The court found the removal of Russell to be ineffective because the City had failed to follow its personnel ordinance and awarded Russell back pay of $40,573.96, together with $3,273.78 as interest up to trial time, and $1,600 interest from date of trial to entry of judgment.

The City has appealed in KCD 27,921 on the grounds the personnel ordinance is in violation of § 79.240, and, therefore, inapplicable to Russell. Russell has appealed in KCD 27,922 from the failure of the trial court to find in his favor on the ground he was dismissed by resolution when he had been appointed by ordinance. He requests such appeal be considered only if the City's appeal is ruled favorable to the City. Reversed.

Following previous service as city attorney of Raytown, Russell was appointed city attorney in May, 1968. The only evidence in the record of his appointment is an ordinance passed by the Board of Aldermen in which it was stated that Russell was appointed "City Counselor".

Section 79.230 grants to the mayor of a fourth class city, with the consent and approval of the majority of the members of the Board of Aldermen, the power to appoint a city attorney. No point is made in this case concerning the failure of the record to show Russell's appointment by the mayor with the consent and approval of the Board, and this court will not take further note of that fact. At the least, Russell was a de facto city attorney.

In April, 1971, a new mayor was elected in Raytown. Immediately following his election, the mayor telephoned Russell and told him he wanted to hire a different city attorney. Despite the request of Russell, the mayor refused to give any specific reason for his desire to change city attorneys.

At the first meeting of the Board after the new mayor was sworn into office, the mayor presented the Board of Aldermen an "administrative order" in which he stated that subject to the approval of a majority of the Board of Aldermen, Russell was thereby removed from the appointive office of city counselor. No action was taken on this order at that meeting, but when the Board met the following week, a resolution was passed approving the order removing Russell. The resolution was approved by a vote of seven in favor, two against, and one absent. The resolution was, therefore, approved by a majority of all of the members of the Board.

In 1969, the Raytown Board enacted an ordinance referred to as the "personnel code". This ordinance generally established a merit system for the hiring and retention of employees by the City. The office of city attorney, or city counselor, was not mentioned in the ordinance, although it did refer to "those persons appointed by the mayor and/or Board of Aldermen." The personnel ordinance prohibited the firing of any employee except for cause and required notice and hearing in the event discharge was contemplated.

In the City's appeal, it contends the personnel code cannot apply to the position of

city attorney because of the provisions of § 79.240. That Section provides as far as pertinent here:

> The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

The City contends this Section gave the mayor, with the consent of a majority of all the members of the Board, the power to remove Russell as city attorney at any time, without cause and without notice or hearing. The City contends Russell is not included within the meaning of the personnel code, but even if he is, that ordinance could not apply to him because such ordinance would conflict with § 79.240 by restricting the power of the mayor and the Board to remove the city attorney.

█ It is, of course, a matter of settled law that an ordinance of the City must be in harmony with State statutes. § 71.010, RSMo 1969, *Kansas City v. LaRose,* 524 S.W.2d 112, 116[6] (Mo. banc 1975).

Russell concedes § 79.240 states that the mayor may remove an appointive officer, i. e., the city attorney, at will, but claims that removal at will is a summary procedure and statutes providing for a summary procedure are to be strictly construed. He further contends it is impermissible to allow the Board to act through a summary procedure to remove persons appointed by ordinance except through the enactment of another ordinance.

█ This court accepts the proposition that removal at will is a summary procedure and statutes providing for such a procedure should be strictly construed. However, strictly construing § 79.240, it remains that this Section clearly gives the mayor, with the consent of a majority of all the members of the Board, the power to remove the city attorney at will. The term "at will" is defined by Webster's Third New International Dictionary (1971) as "as one wishes: as or when it pleases or suits oneself: subject to one's discretion or pleasure: at one's disposal." This statute needs no construction to hold that the mayor is given the power to remove the city attorney at any time it suits his pleasure, provided a majority of all the members of the Board consent.

██ Because the State law confers on the mayor the power to remove the city attorney at any time it suits his pleasure, with the consent of the majority of all members of the Board, it follows an ordinance of the city which in any way restricts this power is contrary to the State law and cannot impinge the authority of the mayor to remove the city attorney. § 71.010. This does not constitute a holding that the personnel code of the City of Raytown is contrary to State law, and, therefore, void. This holding is confined to the narrow ground that the personnel code does not place the city attorney beyond the power of the mayor to remove him with the requisite consent of the Board at any time the mayor so desires.

The Springfield District applied § 79.240 to a city treasurer who, with the city attorney, is appointed by the mayor under § 79.-230. In *State ex rel. Kendall v. Wilson,* 151 Mo.App. 719, 132 S.W. 623 (1910), the court held the power contained in this Section allowed the city to remove the city treasurer without any charges or hearing. This holding applies to the city attorney because that office and the treasurer are given identical treatment in the two Sections mentioned.

Assuming without deciding the personnel code applied to the city attorney, it necessarily follows that Russell was not protected from removal by such code, but was subject to being removed by the mayor with the requisite consent on the part of the Board at any time the mayor chose to remove him.

■ Russell contends the personnel ordinance prevents his summary removal because such ordinance is an exercise by the Board of the power granted to it by the last sentence of § 79.240. That power allows the Board to pass ordinances to regulate the manner of impeachments and removals. The definition of manner was taken from Webster's New International Dictionary, 2d Ed. in *State ex rel. Stamm v. Mayfield,* 340 S.W.2d 631, 634 (Mo. banc 1960). The court there gave the definition of manner as "1. A way of acting; a mode of procedure; the mode or method in which something is done or in which anything happens; way; mode; * * * *."

■ The power granted here is for the Board to prescribe the method, mode or way in which impeachment or removal would be made. Russell would have this court construe the personnel code to prohibit his firing except for cause and with notice and hearing. He contends this is a way or mode in which he could be removed. It is apparent the personnel code contains a limitation on the right of the mayor to remove the city attorney, which limitation is not contained in § 79.240. Thus, the personnel code did go beyond the manner or mode by which the mayor could exercise his right to remove the city attorney at any time he desired and to this extent the personnel code is in conflict with such Section as applied to the city attorney.

■ It would be perfectly proper for the City to prescribe by ordinance that removals should be made by the mayor upon certain forms or by filing a certain statement or order with the Board and specify the form in which the Board would signify its consent. The personnel code did not address the manner or mode of carrying out the power conferred by § 79.240. It follows the personnel code may not be construed to have been passed to prescribe the manner in which removals are made.

■ In his appeal, Russell states the court should have found that his removal was ineffective because he was appointed by ordinance but was removed by resolution. His argument points out that a resolution is less formal than an ordinance and that action taken by ordinance can only be superseded by action taken by ordinance and not by resolution. The ordinance appointing Russell is relied upon as the ordinance which cannot be superseded by resolution.

The fact overlooked by this argument is that Russell was not properly appointed by ordinance since § 79.230 provides the appointment can only be made by the mayor with the consent and approval of a majority of the members of the Board. Here, the City apparently followed the procedure of evidencing the approval of the Board by an ordinance. However, this does not change the law to convert Russell's appointment to one made by the Board by ordinance. Under the law the appointment could only be made by the mayor and the ordinance can be only regarded as the necessary approval given by the Board. In that circumstance, there was no action taken by ordinance which was superseded by the resolution approving the order of the mayor removing Russell. In short, the form by which the Board either gave its approval to the appointment of the attorney, or to the removal of the attorney, is not specified in the statutes. Therefore, the consent could take the form of an ordinance or a resolution, or for that matter, could merely be signified by motion duly passed with the requisite number voting in favor. For that reason, the resolution approving Russell's removal did not supersede the ordinance by which he was purportedly appointed.

■ Russell relies on a number of cases in which a city officer was appointed for a specified term and in which the court held under those circumstances the official could only be removed for cause and after notice and hearing. As demonstrated above, Russell was not appointed for a specified term. For that reason, those cases are not applicable to the facts herein.

Russell also cites cases in which removal was attempted when the law governing the appointment required cause for removal. Those cases, likewise, have no application.

Russell further contends his appointment was actually by the Board of Aldermen pursuant to the provision in § 79.230 which gives the mayor and Board of Aldermen the power to employ special counsel by ordinance. There is nothing in the ordinance appointing Russell which indicates he was appointed as a special counsel, and his continuous service at a monthly salary of $1125 per month for about three years would not be consistent with the concept of special counsel embodied in this Section. All of the evidence in this case indicated Russell was appointed as the city attorney and not as a special counsel.

It should be noted Russell neither alleged nor proved that his removal was motivated by a desire to curtail or to penalize the exercise of his constitutionally protected rights. Thus, his removal in a summary manner pursuant to the statute does not violate his constitutional rights. *Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

The conclusion must follow that under § 79.240 the mayor of the City of Raytown . was exercising the power conferred upon him by that Section when he removed Russell as city attorney and the majority of all the members of the Board of Aldermen consented to such removal. Because his removal was authorized by law, Russell is not entitled to any compensation following the date of his removal.

The judgment is reversed.

All concur.