Helen COOPER, Administratrix of the
Estate of Howard J. Cooper, Deceased,
Plaintiff-Appellant,

v.

CITY OF CREVE COEUR, Missouri, a
Municipal Corporation, et al.,
Defendants-Respondents.

No. 37966.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 6, 1977.

Richard H. Edwards, Paskal, Edwards & Olian Clayton, for plaintiff-appellant.

J. Leonard Walther, Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, Robert P. Elam, Clayton, for defendants-respondents.

STEWART, Judge.

This is an appeal from the judgment of the circuit court dismissing plaintiff's "Petition for Review" of the action taken by defendants to discharge Howard Cooper, a police officer. The plaintiff in this action is the widow of the police officer, who sues as administratrix of his estate. Defendants are the City of Creve Coeur, its mayor, and the board of aldermen.

Plaintiff contends as error: (1) the circuit court erred in dismissing plaintiff's petition because the administratrix of a deceased police officer's estate may maintain this action pursuant to § 537.010, Revised Statutes of Missouri; (2) the circuit court erred in dismissing plaintiff's petition because the common law of Missouri enables the administratrix of a deceased police officer's estate to maintain this action against the defendants; (3) the circuit court's refusal to permit the administratrix of a deceased police officer's estate to maintain this action is contrary to the Constitution of the State of Missouri in that the due process clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 10 of the Missouri Constitution assures the plaintiff the right to maintain this action, and that the equal protection clause of the Fourteenth Amendment to the United States Constitution assures the plaintiff the right to maintain this action.

The motion to dismiss conceded the truth of the facts well pleaded. We review the petition and the exhibits which are made a part of the petition in that light. *Higday v. Nickolaus*, 469 S.W.2d 859, 864[10] (Mo.App. 1971).

Plaintiff's decedent, Howard Cooper, was a police officer employed by defendant, city. After nine years he had attained the rank of Lieutenant. On July 2, 1974, Cooper was suspended and relieved of all duty, with pay by defendant, Meier, the elected City Marshal. On July 11, 1974, Lt. Cooper's immediate supervisor, Captain Gooch, handed him a five page list of specific charges. The charges included dereliction of duty, and improper use and lack of judgment, with respects to: (a) failing to serve, and falsely representing to the judge of a magistrate court that he had personally served, subpoena for fellow officers to appear in a criminal proceeding pending in that court, (b) refusing the request of a fellow officer to hold in custody for interrogation, and releasing from custody, a person then under arrest by such fellow officer, (c) permitting a fugitive from another state, then under arrest, in custody and in his presence, to be alone and to escape, (d) in causing, directing and permitting the making of a false fire alarm for the purpose of securing entry to a residence by police officers, (e) falsifying and filing, incorrect reports of traffic citations and warnings, for the purpose of obtaining overtime pay, and (f) returning a handgun, and a magazine and cartridge for it, to a person who was then known to him to have a quarrelsome and violent disposition, angry, and likely to engage in a fight with police officers, after another officer had taken the loaded gun from such person and unloaded it. He was ordered to appear before a hearing of the "Police Committee." Three hours thereafter Lt. Cooper appeared before the committee. He was not afforded a reasonable opportunity to retain counsel, to cross-examine witnesses against him, or to introduce evidence on his behalf.

On July 27, 1974, Lt. Cooper was discharged by the mayor with the consent of a

majority of all of the elected aldermen. He was given written notice that his employment with the city would terminate at the end of the day on July 31, 1974.

At the time of his termination, Lt. Cooper was advised that at his request, he would be afforded a hearing. At his request, a hearing was had before the mayor and the board of aldermen of the City of Creve Coeur. The hearing was commenced on November 18, 1974, partially heard on various dates, and concluded on March 21, 1975. On May 15, 1975, Lt. Cooper received written findings of fact and conclusions of law and decision which was dated May 12, 1975. The decision affirmed the dismissal of Lt. Cooper, effective July 31, 1974. Plaintiff's decedent did not work for defendant city after July 31, 1974, and received no pay after that date.

Lt. Cooper died on June 5, 1975, as a result of injuries received in an accident. Plaintiff was appointed administratrix of her husband's estate and commenced this proceeding in the trial court by filing a petition denominated "Petition for Review." Plaintiff sought to have the termination of the decedent set aside and held for naught, and judgment for wages and benefits from the date of termination to the date of Lt. Cooper's death.

While plaintiff's brief does not attempt to categorize her petition, she denominates it as a petition for review. In some of her argument, she classifies the action as one in tort for injury to property. However it may be interpreted, the trial court did not err in dismissing the petition.

■ We consider first respondent's contention that the appeal should be dismissed because the notice of appeal did not specifically state that it was taken from an order specified in § 512.020, RSMo. 1969.[1] On March 5, 1976, the court made the following entry:

> "Defendant's motion to dismiss heretofore heard and submitted is sustained, costs against plaintiff."

Within ten days after the above entry, plaintiff filed her notice of appeal "from the appealable order entered in this action on the 5 day of March 1976." Upon motion of defendants, the court, on September 8, 1976, corrected its permanent record nunc pro tunc as of March 5, 1976, to read:

> "Defendants' Motion to Dismiss, heretofore heard and submitted, is sustained.
>
> IT IS THEREFORE ORDERED AND ADJUDGED that plaintiff's petition and action be and the same are hereby dismissed, at plaintiff's cost."

Plaintiff's notice of appeal was obviously an attempt to timely appeal from a final judgment which, as of that time, had not been properly entered and which was subsequently corrected to be effective as of the date of the faulty entry made by the court. We find no merit in this contention. *State ex rel. State Highway Commission v. Kendrick*, 383 S.W.2d 740, 742[1–2] (Mo.1964).

The motion to dismiss plaintiff's petition, attacked the petition as not stating a claim upon which relief may be granted and it also attacked plaintiff's standing to bring the action.

The points in plaintiff's brief, as set out above, are confined to the question of her standing to bring this action.

■ This proceeding is derivative. If the petition fails to state facts upon which Lt. Cooper could have recovered, plaintiff's cause must also fail. The question of plaintiff's standing under those circumstances becomes moot.

1. "512.020. Who may appeal

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

The law of this State is best stated in *Christy v. Petrus*, 365 Mo. 1187, 1189, 295 S.W.2d 122, 124 (banc 1956):

"The rule is well established in this state and elsewhere that in the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason and, in such case, no action can be maintained for wrongful discharge. (citations omitted)."

■ It is apparent that absent a contract or statute granting Cooper a term or some provision that he could be discharged only for cause, the petition does not state a claim for relief.

Creve Coeur is a City of the Fourth Class. Its powers and duties are derived from the legislature, primarily from Chapter 79, RSMo. 1969. Section 79.230, RSMo. 1969, provides that in cities of the fourth class; "The mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have power to appoint" city officers including a night watchman. In Chapter 85, RSMo. 1969, which pertains to City Police and Fire Departments, § 85.620, RSMo. 1969, provides that in cities of the fourth class "the police of the city may be appointed in such numbers, for such times and in such manner as may be prescribed by ordinance." Plaintiff does not allege that any ordinance is controlling in her petition.

Whether classified as policemen or watchmen, the members of the police department of Creve Coeur are at most appointed officers. If not considered appointed officers they would be considered common law employees.

The subject of the dismissal of officers of cities of the fourth class is covered in § 79.240, RSMo. 1969:

"79.240. Removal of officers.

The mayor may, with the consent of a majority of all of the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment. Any elective officer, including the mayor, may in like manner, for cause shown, be removed from office by a two-thirds vote of all members elected to the board of aldermen, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals."

■ If we are to consider plaintiff's decedent an appointed officer, he was subject to removal at will by the mayor with the consent of a majority of all of the members of the board of aldermen or by a two-thirds vote of all of the members of the board of aldermen.

The Springfield Court of Appeals had Section 9310 of the Revised Statutes of 1909, now § 79.240, RSMo. 1969, for consideration in *State ex rel. Kendall v. Wilson*, 151 Mo.App. 719, 132 S.W. 623 (1910). In that case, charges were filed against the city treasurer of the City of Mount Vernon and a date was set for hearing. The board of aldermen suspended the treasurer pending the hearing. Upon petition of the treasurer, an alternative writ of mandamus was issued, ordering the city to reinstate the treasurer or show cause. Prior to the date the return was made, the board, as was the case here, held a hearing at which relator and his counsel were present. Two-thirds of all of the aldermen concurred in a finding that the treasurer was guilty on each of the charges.

The treasurer contended that even if guilty of the charges alleged they did not constitute grounds for his removal. The court held that under the statute the re-

moval of appointive officers was at will or pleasure and that a two-thirds majority of the board of aldermen had the right to remove an appointive officer with or without any charges or hearing thereon and that no ordinance of the city could take that right away.

In the recent case of *Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976), the court had occasion to apply the statute to the appointed city counselor. The city counselor was dismissed by the mayor with the consent of the required majority of aldermen without cause or hearing. The employee relied on an ordinance which prohibited the firing of an employee, except for cause. The court reiterated, that the statutes needed no construction to hold that the mayor had the power to remove the appointed officer any time it suited his pleasure, provided a majority of the board of aldermen concurred. The court went on to hold that an ordinance which in any way restricted that power was contrary to state law and could not operate so as to infringe that power. *See also Loman v. Tharp*, 542 S.W.2d 306 (Mo.App.1976).

■ There are no facts stated in plaintiff's petition from which it can be inferred that Lt. Cooper had any tenure in his employment or that he could be discharged only for cause. Plaintiff pleads no contract of employment, or ordinance to that effect. There is no statute giving him tenure or providing that he could be discharged only for cause. Lt. Cooper was employed at will. He had no property interest in his employment. The determination of the adequacy of the grounds for his discharge is not subject to judicial review because the city could discharge him for no reason or for any reason. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The only formal requisite for the discharge was that Lt. Cooper be discharged by the mayor with the consent of the majority of all of the members of the board of aldermen or by a vote of two-thirds of all of the aldermen. The petition, and the exhibits, which are made a part of the petition, clearly show that Cooper was discharged by the mayor with the consent of all of the aldermen.

■ The fact that a summary hearing was had to assist the defendants in their determination and the fact that defendants acquiesced in Cooper's request for a full hearing to permit them to reconsider their action did not change the nature of his employment or the right to discharge Cooper at will. *State ex rel. Kendall v. Wilson*, 151 Mo.App. 719, 132 S.W. 623 (1910).

Plaintiff cites *Moore v. Damos*, 489 S.W.2d 465, 468 (Mo.App.1972); *Heidebur v. Parker*, 505 S.W.2d 440 (Mo.App.1974); and *Davis v. Long*, 360 S.W.2d 307 (Mo.App. 1962) for the contention that a commissioned police officer acquires a right or title to office and its emoluments which is entitled to protection. This principle was stated in *Moore* and is confined to the factual situation in that case. It is distinguishable because Moore, the officer in that case, was employed under a civil service code which required a hearing. *Heidebur* presented the same situation. In *Davis*, the proceeding to remove a police officer was governed by § 84.150, RSMo. Supp. 1975, which provides that a police officer in the City of St. Louis is "[S]ubject to removal only for cause after a hearing by the board . . ."

In none of the cases cited by plaintiff was there a hiring at will and there was no statutory provision that the employee could be discharged at will.

Lt. Cooper was subject to being discharged at will. If he is considered an appointive officer, he could be discharged by the mayor provided that a majority of all of the members of the board of aldermen consent to the discharge. Plaintiff's pleadings affirmative show that Lt. Cooper was discharged as required under § 79.240, RSMo. 1969. *State ex rel. Kendall v. Wilson*, 151 Mo.App. 719, 132 S.W. 623 (1910). If Lt. Cooper is considered to be an employee he could be discharged at will without reason or for any reason.

■ The well pleaded facts of plaintiff's petition belie the conclusory statements

contained in the pleading.[2] Conclusions of the pleader evidenced by the use of such words as illegal, invalid, arbitrary, capricious, void, unconstitutional, and the like, cannot be considered in determining if a claim or defense has been stated. *State ex rel. State Tax Commission v. Briscoe*, 451 S.W.2d 1 (Mo. banc 1970).

Plaintiff's petition presents no justiciable issue irrespective of her standing to bring the action. Under the circumstances it is unnecessary to discuss other issues raised by the parties.

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and SMITH, J., concur.

---

**2.** "10. That the aforesaid action of the defendants herein, or any or all of them, in terminating decedent's employment is illegal, unlawful and without authority, in that, to wit:

a. That the entire proceedings relating to the termination decedent were in violation of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Missouri.

b. That said termination exceeded the statutory authority and jurisdiction of defendants.

c. That the action of the defendants is unsupported by competent and substantial evidence upon the whole record.

d. That said termination was not authorized by law.

e. That said termination was made upon unlawful procedure and without a fair trial.

f. That said termination was arbitrary and capricious.

g. That the actions of the defendants herein involves an abuse of discretion."