Maurice KARZIN, Plaintiff-Appellant,

v.

John A. COLLETT et al., Defendants-Respondents.

No. 38763.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 7, 1978.

Hayes & Heisler, Clayton, for plaintiff-appellant.

Gordon F. Webb, Clayton, for defendants-respondents.

McMILLIAN, Judge.

Appellant Maurice Karzin appeals from a judgment entered in favor of respondents, the police chief, the police commissioner, and members of the Board of Trustees of the Village of Hanley Hills, in the circuit court of St. Louis County. Appellant brought this action for reinstatement and backpay after he was discharged from his job as a police officer. For reversal appellant argues that the trial court erred in finding in favor of respondents because the evidence showed that: (1) appellant had not been tried for cause, contrary to Missouri law, § 80.420 RSMo 1969, and (2) respondents' action discharging him was unlawful, arbitrary and contrary to Missouri law, § 536.150(1) RSMo 1969. We disagree and, for the reasons discussed below, accordingly affirm the judgment.

Appellant had been employed by the Village of Hanley Hills as a police officer since October 1972. He did not have an employment contract but was apparently hired on a year-to-year basis. On December 15, 1975, appellant received a letter from the police commissioner informing him of his discharge, "[e]ffective immediately and upon receipt. . . ." Appellant asked both the police chief and the police commissioner why he had been discharged but received no explanation. Appellant also requested a list of the charges against him and a hearing before the Village Board of Trustees; both requests were refused. Appellant received a check for two weeks' severance pay and another for fifteen days' vacation pay.

■ Appellant first filed his petition under § 536.140 RSMo 1969, of the Administrative Procedure and Review Act. Respondents' motion to dismiss for lack of jurisdiction was granted and no appeal was taken by appellant. Appellant then filed an amended petition under § 536.150(1) RSMo 1969, which is the basis of the judgment on appeal here. Appellant's original petition was correctly dismissed because § 536.140 RSMo 1969 applies only to "contested cases" as defined in § 536.010(3) RSMo 1969, which includes only those proceedings before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing. Because neither § 80.240 nor § 80.420 RSMo 1969 requires a hearing before any administrative action, appellant's discharge was not a contested case within the meaning of § 536.140 RSMo 1969. For an extensive discussion of the difference between contested and noncontested cases under the Administrative Procedure and Review Act see *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356–57 (Mo. banc 1958); *State ex rel. State Tax Comm'n v. Walsh*, 315 S.W.2d 830, 834 (Mo. banc 1958); *State ex rel. Walmar Investment Co. v. Mueller*, 512 S.W.2d 180, 182 (Mo.App.1972).

■ Section 536.105(1) RSMo 1969 provides for judicial review of administrative decisions, determining the legal rights of any person, which are not subject to administrative review and there is no other provision for judicial inquiry or review of such decisions. In such a review proceeding the court may determine the facts relevant to the question whether such person at the time of the administrative decision had such legal right, may hear evidence and determine whether the administrative decision, in view of the facts as they appear to the court, is "unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion . . . but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body . . . ." § 536.150(1) RSMo 1969. The scope of judicial review under this section is broader than that spec-ified under our Constitution, Art. V, § 22, and § 536.140 RSMo 1969 for contested cases and is in effect a hearing *de novo*, requiring the making of the same kind of record in court that would be made before the agency. See *State ex rel. Leggett v. Jensen,* supra and *State ex rel. Walmar Investment Co. v. Mueller,* supra.

Appellant argues first that, contrary to Missouri law, he was not fired for cause. Appellant contends that he was discharged under § 80.420 RSMo 1969, which provides that " . . . any marshal, assistant marshal or policeman may be instantly removed from his office by the board of trustees at a regular or called meeting, for any wanton neglect of duty." Appellant argues that he was "instantly removed" but not for any wanton neglect of duty as required by the statute and therefore his discharge was unlawful. Appellant further argues that it is reasonable to infer from this statute that the legislature intended that village policemen could only be removed for cause.

Respondents, however, argue that § 80.-240 RSMo 1969, which provides that the board of trustees shall appoint and remove officers, includes policemen and is the controlling statute. Respondents' basic argument is that appellant was essentially an employee at will and could therefore be discharged without cause or reason. In *Cooper v. City of Creve Coeur,* 556 S.W.2d 717 (Mo.App.1977), the court held that where a city policeman, in the absence of any statutes, ordinances, regulations or an employment contract giving policemen tenure in employment or providing that he could be discharged only for cause, could be removed by the mayor with the consent of all the aldermen at will, was an employee at will and could be discharged without cause or reason. *Id.* at 720, citing *Christy v. Petrus*, 365 Mo. 1187, 1189, 295 S.W.2d 122, 124 (Banc 1956); *cf. Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (under local ordinance policeman held his position at the will and pleasure of the city and therefore his discharge without a pretermination hearing did not deprive him of a property interest protected by the Fourteenth Amendment).

■ Because there are no statutes, ordinances, regulations or an employment contract which give appellant, as a village policeman, tenure of employment or restrict discharge in any way, except § 80.420 RSMo 1969, appellant was an employee at will. We can only interpret § 80.420 RSMo 1969 to create an exception from that status whenever a policeman is "instantly removed." Such a summary and extraordinary action is preconditioned upon wanton neglect of duty. If appellant was "instantly removed" for wanton neglect of duty, his discharge (as an administrative action) would be reviewable under § 536.150(1) RSMo 1969. See *Milberg v. Sanders*, 524 S.W.2d 441 (Mo.App.1975). If, however, appellant was not "instantly removed" but simply discharged, the determination of the adequacy of the grounds for his discharge is not subject to judicial review because, as an employee at will, he could be discharged for any reason or no reason. *Cooper v. City of Creve Coeur*, 556 S.W.2d 717, 721 (Mo.App. 1977); see also *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2974, 48 L.Ed.2d 684 (1976).

■ We find that appellant was not "instantly removed" but simply discharged. Although it is true that the effect of the discharge letter upon appellant was immediate, appellant received a check for two weeks' pay and another for fifteen days' accrued vacation pay. Moreover, the board of trustees decided to discharge appellant at its regular monthly meeting, on December 4, 1975, to be effective December 15, 1975. There was no charge of wanton neglect of duty. As discussed above, there can be no judicial review of the discharge of an employee at will. See *Christy v. Petrus*, supra; *Cooper v. City of Creve Coeur*, supra; *Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976); *State ex rel. Kendall v. Wilson*, 151 Mo.App. 719, 132 S.W. 623 (1910).

■ Appellant cites several recent cases in which certain procedural due process rights were extended to policemen: *Heidebur v. Parker*, 505 S.W.2d 440 (Mo.App. 1974); *Moore v. Damos*, 489 S.W.2d 465 (Mo.App.1972); *Scism v. Long*, 280 S.W.2d 481 (Mo.App.1955). We distinguish those cases because in each case a statute, ordinance or regulation required a hearing of some kind and did not involve policemen hired at will. We realize that this analysis essentially leaves appellant without recourse and precludes any kind of judicial review of his discharge. We cannot, however, change appellant's status as an employee at will and, in the absence of any protective statutes, ordinances,[1] regulations or employment contract, can reach no other conclusion.[2]

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

---

1. Unlike § 79.240 RSMo 1969 which specifically refers to appointment of officers at will, § 80.240 RSMo 1969 does not explicitly refer to the status of such officers but only gives the board of trustees the power to appoint and remove. Therefore, an ordinance which in some way protected village employees would not necessarily operate so as to infringe that power and be contrary to state law. *Compare Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976).

2. The lack of procedural due process protection afforded police officers, in particular the *Bishop v. Wood*, has been the subject of several recent law review articles. Mancke, *Removal, Suspension or Demotion of a Municipal Police Officer: A Review and Analysis*, 79 *Dick.L.Rev.* 380 (1974–75) (Pennsylvania has statutes which afford some procedural due process protection to local police); Rabin, *Job Security and Due Process: Monitoring Administrative Discretion Through a Reasons Requirement*, 44 *U.Chi.L.Rev.* 60 (1976); Rosenblum, *School Children: Yes, Policemen: No—Some Thoughts About the Supreme Court's Priorities Concerning the Right to a Hearing in Suspension and Removal Cases*, 72 NW.L.Rev. 146 (1977). See also Mashaw, *The Supreme Court's Due Process Calculus for Administrative adjudication in Mathews v. Eldridge: Three Factors in Search of a Theory of Value*, 44 *U.Chi.L.Rev.* 28 (1976). We would urge the legislature to reexamine these statutes, especially in view of the great difference in the employment and procedural protection of police officers as now exists under present statutes and ordinances. "In an era that has placed renewed stress on making police aware of their obligation to recognize the rights of the accused and to become sensitized to the concerns of minority groups it is peculiarly dysfunctional to subject the same police to ir-

remedial arbitrariness at the hands of their superiors within the personal structures of

government." *Right to a Hearing*, 72 NW.L. Rev. 146, 168 (1977) (Citations omitted.)