**C.R. CARNER, Appellant,**

v.

**CITY OF EXCELSIOR SPRINGS,
Missouri, et al., Respondents.**

**No. WD 34726.**

Missouri Court of Appeals,
Western District.

July 17, 1984.

William E. Shull, Kearney, for appellant.

David D. Lodwick, Excelsior Springs, for respondents.

Before PRITCHARD, P.J., and SOMER-VILLE and KENNEDY, JJ.

PRITCHARD, Presiding Judge.

Respondent is a city of the Third Class operating under the City Manager form of government under the provisions of Chapter 78, RSMo 1978. Appellant was a sergeant and an employee of the city's Department of Police.

On February 17, 1982, appellant was suspended for three days without pay by the Chief of Police for failing to give information concerning a (police) call to the Patrol Division Commander, Captain Neal. In his letter of suspension, the Chief of Police said, "Your conduct towards him was not only insubordinate, but showed a disrespect towards a superior officer and a direct violation of Section 7–2 of the Department Manual.....Duty to Obey." Appellant lost $168.72 pay during the three days' suspension.

Appellant requested and was granted a grievance hearing regarding the disciplinary action taken against him, which hearing was held March 10, 1982, but without placing witnesses under oath or affirmation. The proceedings, however, were tape-recorded and transcribed. Thereafter, on March 12, 1982, the City Manager informed appellant by letter, "After carefully reviewing the information submitted regarding your suspension by Chief McGovern, it is my decision to uphold this action."

Section 78.600, RSMo 1978, as to cities of the third class with a city manager form of government, "The council shall appoint a city manager, a city clerk, city assessor and city treasurer; the offices of city clerk and city assessor may be filled by one person. All other officers and employees of the city *shall be appointed and discharged* by the city manager, the council to have power to make rules and regulations governing the same." (Italics supplied.) The council has made its rules and regulations for review procedures, which the trial court found were followed.

On appellant's petition for review in the trial court, it found, "5. That the City of Excelsior Springs has adopted certain personnel rules and regulations which set forth a review procedure. 6. That the defendants have accorded the plaintiff the procedures specified by the personnel rules and regulations promulgated by defendant City. 7. Plaintiff is not entitled to judicial

review under Chapter 536, R.S.Mo.1939 (sic, RSMo.1978)." Appellant candidly concedes that the Act (Chapter 536) has been found not to apply to employees of a third-class city who are "employees at will" who can be discharged without cause or reason, *Cooper v. City of Creve Coeur,* 556 S.W.2d 717 (Mo.App.1977). Nonetheless, he contends that he has a "proprietary interest" in his continued employment, and right to judicial review, by reason of the City's adoption of its Personnel Manual which provides him with specific rights and protections to his employment which creates an implied employment contract and basic employment rights.

First, the City has not adopted any merit system for employees which could, by specification, assure continued employment and other benefits, except for merit pay increases and pay increases for outstanding service. The pay increase provisions (§ 4.42) do not specify that there is created any vested right to them.

Appellant says that § 13.2 specifically states that no employee may be subjected to any type of disciplinary action except for "good cause". That is not what the section says. Rather, it provides, "Any action which reflects discredit upon the City or is a direct hindrance to the effective performance of the City functions shall be good cause for disciplinary action against any employee. The City Manager shall determine whether or not a specific circumstance constitutes 'good cause' for disciplinary action." Section 13.3 provides that the City Manager may, for cause, suspend any employee not to exceed 15 days, providing for notification with reasons, and for the right of appeal for a hearing to the City Manager. The hearing before the City Manager shall be conducted in an informal manner with the right of the employee to appear in person and by counsel. [Thus, in that hearing, it is not necessary to place witnesses under "Oath or affirmation".]

Although involving the fourth class city of Creve Coeur, the *Cooper* case held that in a comparable situation to the one here, absent a (specific) provision that a police officer could be discharged only for cause, he was an employee at will and could be discharged by the Mayor with the consent of a majority of the board of aldermen without reason or for any reason. That case was followed in *Karzin v. Collett,* 562 S.W.2d 397, 400 (Mo.App.1978), (footnote 1) which noted that § 80.240, RSMo 1969, gave to board of trustees the power to appoint and remove and an ordinance which in some way protected village employees would not necessarily operate to infringe that power and be contrary to state law. [Similarly here, § 78.600 gives the power to appoint and discharge to the City Manager.] The *Cooper* and *Karzin* cases hold that where there is an employee at will, there exists no right to judicial review under § 536.150. See also *Johnson v. City of Buckner,* 610 S.W.2d 406 (Mo.App.1980); and compare *Van Kirk v. Board of Police Commissioners, etc.,* 586 S.W.2d 350 (Mo. banc 1979).

Under the foregoing authority, and considering the power of the city manager to appoint and discharge an employee, which cannot be lessened by ordinance, appellant was an employee at will, subject to disciplinary action by his superior and affirmance thereof by the city manager. The trial court did not therefore err in dismissing the petition for review under § 536.150.

The judgment is affirmed.

All concur.