651 F.Supp. 493 (1986)
Emmett Dean ROBINSON, Plaintiff,
v.
The CITY OF MONTGOMERY; Richard Y. Jones; George Barley; Thomas R. Oliver; Brad Blickhan; Eugene R. Haberstock; and Michael J. Johnson, Defendants.
No. N84-91C.
United States District Court, E.D. Missouri, N.D.
April 3, 1986.
*494 Daniel P. Card, II, Burton Newman, Love, Lacks, McMahon & Paule, St. Louis, Mo., for plaintiff.
Marion F. Wasinger, Wasinger, Parham & Morthland, Hannibal, Mo., for defendants.

ORDER
LIMBAUGH, District Judge.
This case is before the Court on cross motions for summary judgment. Each party has fully briefed the relevant issues involved.
Plaintiff brought this cause of action in a three-count complaint. Counts I and II are brought pursuant to 42 U.S.C. § 1983. As the case involves the first two counts of his complaint, plaintiff alleges that as the former Chief of Police of Montgomery City, Missouri, he was wrongfully terminated in violation of his constitutional rights.
Plaintiff was formerly employed by Montgomery City, Missouri as a police chief. Montgomery City is a fourth-class city as defined in Chapter 79 of the Revised Statutes of Missouri. Section 79.240, R.S. Mo., provides that appointed officials are employees at will and may be removed from office by the Mayor of the city, with a majority approval of the members of the Board of Aldermen. Alternatively, the statute provides that the appointed official may be removed by a two-thirds vote of all the members of the Board of Aldermen, independent of the Mayor's approval. Montgomery City passed a conflicting ordinance regarding the status of appointed officials which states in relevant part:
The Mayor may, with the consent of a majority of all the members of the Board of Aldermen, suspend or remove from office, for cause shown, any elective or appointive officer of the City who shall willfully violate or neglect any of his official duties....
The second sentence of Montgomery City's revised ordinance is essentially the same as the second part of § 79.240 R.S.Mo., except the terminated officer can only be removed for cause.
Plaintiff had served as police chief of Montgomery City since 1978. Plaintiff was terminated pursuant to the Board of Aldermen's decision on May 21, 1984. Plaintiff was removed from Montgomery City's payroll effective July 31, 1984. Plaintiff was *495 not notified of his termination until the Board of Aldermen took action relieving plaintiff of his position. Subsequent to his dismissal, a newspaper article appeared in the Montgomery Standard, stating that plaintiff was dismissed. The article stated:
The City Council was displeased with the work of Mr. Robinson and felt that he was not performing the duties and responsibilities of his position according to their satisfaction.
Section 1983 is a remedial statute which provides no substantive rights. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Section 1983 seeks to protect three interests, two of which, property and liberty, are at issue in this matter. The substantive definition of property is derived from state law, customs, rules or contracts. Id.
In Count I of his complaint, plaintiff asserts he had a property interest in his employment as police chief of Montgomery City by virtue of Chapter 35 of the Revised Ordinances of Montgomery City. However, the Missouri Court of Appeals for the Eastern and Western District of Missouri have confronted the issue of the State statute concerning fourth-class cities and conflicting city ordinances. In the case of Cooper v. City of Creve Coeur, 556 S.W.2d 717 (Mo.App.1977), the court stated:
... the statutes needed no construction to hold that the Mayor had the power to remove the appointed officer at any time it suited his pleasure, provided a majority of the Board of Aldermen concurred. [A]n ordinance which in any way restricted that power was contrary to State law and could not operate so far as to infringe that power.
Cooper, at 721, citing Russell v. City of Raytown, 544 S.W.2d 48 (Mo.App.1976). In light of these two decisions, the Court cannot state that plaintiff had a property interest in his employment. Therefore, summary judgment will be entered for defendants.
In Count II of his complaint, plaintiff alleges he was deprived of his liberty interest protected by § 1983. A person's liberty interest is impaired "[w]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him[;] notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Injury to reputation, without more, is insufficient to prove a loss of liberty. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975). Plaintiff must show that the Board of Aldermen's action in relieving him of his duties have injured him so that he has lost significant employment opportunities. Board of Regents v. Roth, supra. Upon review of the press release of the Board of Aldermen and the undisputed facts of the case, the Court cannot assume that the press release will limit plaintiff's future employment possibilities.
Accordingly, the Court cannot find plaintiff's liberty interest was infringed by the Board of Aldermen's decision on May 21, 1984. Therefore,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.