**Jerry ARMER and William Fetters, Appellants,**

v.

**The CITY OF SALEM, Ruth Mullnack, Beulah Chafin, Raymond D. Weaver, Dan Eudy, and Russell Miller, Appellees.**

**No. 88–1386.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 23, 1988.

Decided Nov. 16, 1988.

Robert D. Arb, Valley Park, Mo., for appellants.

David L. Steelman, Salem, Mo., for appellees.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Jerry Armer and William Fetters brought this suit under 42 U.S.C. § 1983 against appellees, the City of Salem, Missouri, the City's Mayor, and four individual members of the City's Board of Aldermen, claiming that their rights to procedural due

process were violated when they were discharged from their positions as city police officers without notice or a hearing. The district court[1] granted summary judgment in favor of appellees. We affirm.

## I. BACKGROUND

Armer and Fetters were hired as police officers for the City of Salem, a fourth-class city, in October, 1981 and March, 1982, respectively. On December 1, 1986, the Board of Aldermen met in a private session and voted, 3–1, to dismiss Armer and Fetters from their positions. Armer and Fetters were informed of this action in separate letters signed by the Mayor; the letters did not state the reason for the dismissals. Armer and Fetters then requested and were granted a hearing before the Board of Aldermen. At that hearing, the Board voted to uphold the terminations and again did not disclose the reason for its decision. Armer and Fetters then filed this suit under 42 U.S.C. § 1983, claiming that Salem city ordinances gave them a property interest in their jobs and that the City failed to afford them procedural due process when it discharged them. The district court rejected their claim, holding that under the applicable Missouri statute police officers of fourth-class cities such as Salem are at-will employees and that this state statute overrides any city ordinance to the contrary.

## II. DISCUSSION

■ To demonstrate that they had a property interest in their jobs protected by the Due Process Clause, appellants must show by reference to a specific source, such as a contract or statute, that they had a legitimate claim of entitlement to continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Whether such a claim of entitlement exists is decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

According to section 79.240 of the Missouri Revised Statutes, appointive officers of fourth-class cities are terminable at will by the mayor acting with the consent of a majority of the aldermen or by two-thirds of the aldermen acting independently of the mayor. *Mo.Rev.Stat.* § 79.240 (1986).[2] As the district court noted, Missouri courts have consistently treated fourth-class city police officers as "appointive officers" within the meaning of § 79.240. *See Amaan v. City of Eureka*, 615 S.W.2d 414 (Mo. banc), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981); *Pumphrey v. City of Lutesville*, 707 S.W.2d 475 (Mo.Ct.App.1986); *State ex rel. Ciaramitaro v. City of Charlack*, 679 S.W.2d 405 (Mo.Ct.App.1984). Thus, under Missouri law fourth-class city police officers do not have a property interest in their jobs implicating due process requirements.

Nevertheless, appellants argue that their employment status is not governed by the "appointive officer" provision of § 79.240 because they are not appointive officers within the meaning of that statute. They claim that under Salem city ordinances police officers are "permanent employees" removable only for cause after notice and a

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. Chapter 79 of the Missouri Revised Statutes governs fourth-class cities. Section 79.240 concerns the removal of city officers and treats "elective officers" differently from "appointive officers." That section provides in full:

The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment. Any elective officer, including the mayor, may in like manner, for cause shown, be removed from office by a two-thirds vote of all members elected to the board of aldermen, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

hearing. Even assuming that Salem ordinances attempt to give police officers a permanent employee status, we reject this argument because § 79.240 controls over any city ordinance to the contrary which purports to change fourth-class city appointive officers' status from that of at-will. *Pumphrey*, 707 S.W.2d at 477. Salem ordinances cannot override § 79.240 by attempting to classify police officers as something other than "appointive officers" in order to place them beyond the reach of § 79.240, especially where the Missouri courts have established that fourth-class city police officers are governed by the "appointive officer" provision of § 79.240.[3]

In short, § 79.240 assigns at-will status to appointive officers of fourth-class cities, the Missouri courts have consistently interpreted § 79.240 to include police officers as appointive officers, and city ordinances to the contrary are not effective to change fourth-class city police officers' employment status.

■ Appellants also argue that the City is estopped from denying the validity of its ordinances because they relied on its representation that they were more than at-will employees. This argument is without merit because in Missouri the doctrine of estoppel is generally not applicable against governmental bodies. *Farmers' & Laborers' Coop. Ins. Ass'n v. Director of Revenue*, 742 S.W.2d 141, 143 (Mo. banc 1987); *Bartlett & Co. Grain v. Director of Revenue*, 649 S.W.2d 220, 224 (Mo.1983). Missouri has deviated from this rule in exceptional circumstances where manifest injustice

would result from a refusal to apply the doctrine. *See, e.g., Murrell v. Wolff*, 408 S.W.2d 842, 851 (Mo.1966) (reliance upon an honestly obtained permit coupled with substantial expenditures). However, we do not find such circumstances present in this case.

## III. CONCLUSION

We hold that appellants did not have a property interest in their jobs implicating the Due Process Clause. They served as at-will employees under § 79.240, and thus were removable for any reason or no reason. Contrary city ordinances, to the extent that any exist, are not effective to assign them any greater status. Accordingly, we affirm.

---

*Mo.Rev.Stat.* § 79.240 (1986).

**3.** Language in *Johnson v. City of Buckner*, 610 S.W.2d 406 (Mo.Ct.App.1980) suggests that Missouri Revised Statute Section 85.620 empowers fourth-class cities by ordinance to change police officers' status from that of at-will. Section 85.620 is entitled "Size of police force (fourth class cities)" and provides in part: "The police of the city may be appointed in such numbers, for such times and in such manner as may be prescribed by ordinance." *Mo.Rev.Stat.* § 85.620 (1986). In *Johnson*, a case involving facts similar to the instant case, the Missouri Court of Appeals stated that "[a]lthough the City could have given [Johnson] a different status under § 85.620, it did not do so." *Johnson*, 610 S.W.2d at 409. Appellants rely on this language to argue that city ordinances may provide police officers greater than at-will status. While we

recognize that the language in *Johnson* does lend support to this position, we conclude on the basis of our review of Missouri law that city ordinances which purport to enhance appointive officers' status from that of at-will are ineffective. Indeed, the court in *Johnson* went on to state that "[a]s an employee at will [Johnson] could be removed for any reason or no reason. Any city ordinance to the contrary is not effective to grant him any greater status than an employee at will." *Id. See also Cooper v. City of Creve Coeur*, 556 S.W.2d 717, 721 (Mo.Ct.App. 1977); *Russell v. City of Raytown*, 544 S.W.2d 48, 51 (Mo.Ct.App.1976), *cert. denied*, 434 U.S. 806, 98 S.Ct. 36, 54 L.Ed.2d 63 (1977); *State ex rel. Kendall v. Wilson*, 132 S.W. 623, 625 (Mo.Ct. App.1910); *Robinson v. City of Montgomery*, 651 F.Supp. 493, 495 (E.D.Mo.1986), *aff'd per curiam*, 809 F.2d 1355 (8th Cir.1987).