Mary Strickrodt Chairperson Pro Tem City Council of Aurora 904 Porter Aurora, MO 65605 Kay Walker Council Member City Council of Aurora 129 Madison Aurora, MO 65605
Dear Ms. Strickrodt and Ms. Walker:
You have submitted the following question to this office:
 In a third class city with City Manager form of government, can the Council go into closed session to discuss particular personnel over whom the Council has no direct supervision?
Within your letter you state that your city attorney advised you that it was his opinion that the city council could go into closed session to discuss only personnel who are directly under its control. According to your letter the only individuals who are directly supervised by the city council are the city manger, city clerk, city treasurer and city assessor. You also state that it had been the desire of the city council to discuss complaints about certain city employees, but that when it attempted to go into closed session to discuss those complaints, the city attorney provided the advice described above.
Section 610.027.5, RSMo 2000, provides that a public governmental body that is in doubt about the legality of closing a particular meeting, record, or vote may request an opinion from this office. It is under that provision that this office is providing this response to your question.
Section 610.021.3, RSMo 2000, provides that a public governmental body may close a meeting relating to:
 (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available with a record of how each member voted to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice of such decision during the seventy-two-hour period before such decision is made available to the public. As used in this subdivision, the term "personal information" means information relating to the performance or merit of individual employees;
Section 610.021.13, RSMo 2000, provides that a public governmental body may also close a meeting relating to:
 Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such;
The answer to the question that you have presented depends upon the authority of a city council over personnel matters in a city manager form of government. Section 78.570, RSMo 2000, sets forth the general duties of the city council in that type of city. It states:
 1. Except as herein otherwise provided the council of any city organizing under sections 78.430 to 78.640 shall have all of the powers now or hereafter given to the council or to the mayor and council jointly, under the law by which such city adopting said sections was governed under its former organization; and shall have such power over and control of the administration of the city government as is provided in said sections.
 2. It shall be the duty of the council to pass all ordinances and other measures conducive to the welfare of the city and to the proper carrying out of the provisions of sections 78.430 to 78.640. It shall appoint a suitable person not a member of the council to be the administrative head of the city government whose official title shall be "city manager". The council shall also provide for all offices and positions in addition to those herein specified, which may become necessary for the proper carrying on of the work of the city, and shall fix the salary and compensation of all officers and employees of the city not herein provided for. All officers of the city shall be paid in equal monthly installments for their services and all employees of the city shall be paid monthly or at such shorter periods as the council shall determine. The creation of all offices and salaries attached thereto, which may be provided for by the council under sections 78.430 to 78.640, shall be by ordinance, and they shall all be for an indefinite term. The council shall also provide office rooms at the city hall or at some other convenient and suitable place in the city for the transaction of the business of the city and for the convenience of its officers.
The duties of the city manager are generally set forth at Section 78.610, RSMo 2000, and reads:
 The city manager must be a resident of the city at the time of his appointment and shall devote his entire time to the duties of his office. He shall be the administrative head of the government subject to the direction and supervision of the council and shall hold his office at the pleasure of the council, or may be employed for a term not to exceed one year. He shall receive an adequate salary to be fixed by the council which shall not be diminished during the service of any incumbent without his consent. Before entering upon the duties of his office the city manager shall take the official oath required by law and shall execute a bond in favor of the city for the faithful performance of his duties and such sum shall be determined by the city council. It shall be his duty:
 (1) To make all appointments to offices and positions provided for in section 78.600;
 (2) To see that the laws and ordinances are enforced;
 (3) To exercise control of all departments and divisions that may hereafter be created by the council;
 (4) To see that all terms and conditions imposed in favor of the city or its inhabitants in any public utility franchises are faithfully kept and performed, and upon information of any violation thereof to take such steps as will be necessary to stop or prevent the further violation of the same;
 (5) To attend all meetings of the council with the privilege of taking part in the discussions but having no vote;
 (6) To recommend to the council for adoption such measures as he may deem necessary or expedient;
 (7) To prepare and submit the annual budget and to keep the city council fully advised as to the financial conditions and needs of the city and to perform such other duties as may be prescribed by these sections or be required of him by any ordinance or resolution of the council.
That section references Section 78.600, RSMo 2000, which provides:
 The council shall appoint a city manager, a city clerk, city assessor and city treasurer; the offices of city clerk and city assessor may be filled by one person. All other officers and employees of the city shall be appointed and discharged by the city manager, the council to have power to make rules and regulations governing the same.
Employees of cities with this form of government are at-will employees subject to disciplinary action by their supervisors with affirmance by the city manager. Carner v. City of Excelsior Springs, 674 S.W.2d 274,275 (Mo.App. 1984). It is clear that under a city manger form of government that employment decisions regarding those employees not specifically mentioned in Section 78.600, RSMo, (city manger, city clerk, city assessor and city treasurer) are the responsibility of the city manager. However, the city council remains in ultimate control of the city.
Chapter 77 applies to third class cities generally. Section 77.260, RSMo 2000, provides:
 The mayor and council of each city governed by this chapter shall have the care, management and control of the city and its finances, and shall have power to enact and ordain any and all ordinances not repugnant to the constitution and laws of this state, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same.
This section is not repugnant to those cited above from Chapter 78 regarding the responsibility of the council to "have the care, management and control of the city" and, therefore, applies to cities of the third class with a city manager form of government.
Members of the city council must have available sufficient information to exercise their authority to care, manage and control the city as provided in Section 77.260, RSMo 2000. The care, management, and control of a city includes the ability to assess the quality of the work of personnel working for the city. It is important to remember that the legislature has recognized in Section 610.021(13) that personnel information is confidential and may be closed to the public.
The city council is the public governmental body responsible for the action by the city and needs to be able to make thoughtful decisions on city personnel. As stated above, the city manager makes the employment decisions of city personnel not mentioned in Section 78.600, RSMo 2000. Final decisions on hiring, firing, promoting or disciplining personnel must be made public within 72 hours of the action, and, prior to being released to the public, told to the individual involved. See Section610.021.3, RSMo 2000. Personnel matters are otherwise controlled by Section 610.021.13, RSMo 2000. Those matters are properly within the province of the city council. Personnel matters involving any city employee may be discussed by the city council in a meeting closed to discuss such personnel matters pursuant to the provisions of Chapter 610.
 CONCLUSION
A city council with a city manager form of government may go into closed session to discuss personnel matters involving any employee of the city.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General