**Officer Timothy FIDLER, Raytown Police Department, Appellant,**

v.

**PERSONNEL COMMITTEE FOR the CITY OF RAYTOWN, Missouri, Respondent.**

**No. WD 40753.**

Missouri Court of Appeals, Western District.

March 7, 1989.

James L. McMullin, Kansas City, for appellant.

Roger D. Odneal, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Appellant Timothy Fidler, a member of the Raytown, Missouri police department, was the subject of disciplinary action by the Personnel Committee of the Board of Aldermen in consequence of his conduct while on duty as a member of the Jackson County Drug Enforcement Task Force. He sought judicial review of the Committee's action and the circuit court affirmed. This appeal followed.

Appellant's points on appeal contend (a) the decision by the Personnel Committee was not supported by competent and sub-

stantial evidence in that no rules or regulations were violated by appellant and, hence, there was no basis in fact for discipline, and (b) the decision by the Personnel Committee was improperly influenced by the ex parte interference and intervention by the Raytown Chief of Police.

We find it unnecessary to address the above points because we agree, as respondent city asserts, that appellant was an employee subject to discharge at will by the city, with or without cause, and therefore also subject to discipline on similar grounds.

Raytown is a fourth class city organized pursuant to § 79.010, RSMo 1986. The elected officers of the city are a mayor, board of aldermen and, subject to certain conditions, a city marshal and a collector. Section 79.050, RSMo Supp.1988.

The mayor and board of aldermen have the general care, management and control of the city and the power to enact ordinances, rules and regulations deemed necessary. Section 79.110, RSMo 1986. The mayor, with the consent of the majority of the members of the board of aldermen, is entitled to appoint and to remove officers in the service of the city. Sections 79.230 and 79.240, RSMo 1986. Cause for removal need be shown only in the case of elected officials. Section 79.240, RSMo 1986.

Appellant was appointed to the position of Raytown police officer and served as such until he was demoted in rank after a hearing before the city personnel board on charges that he had compromised his position and certain investigations by loss of confidential material. The procedure for discipline was in accordance with personnel policies the city had adopted which gave the city employees the right to a hearing before the personnel committee. If relief was not thereby obtained to the employee's satisfaction, the ordinances also purported to give a right of judicial review under Chapter 536 of the Missouri statutes.

Appellant here sought that judicial review contending the city made no case for his demotion because good cause therefor was not proved before the personnel committee by competent and substantial evidence. Implicitly, appellant rests his case on a right, purportedly conferred by the personnel policies, to continued employment in rank unless upon proof of good cause, the city justifies discipline or removal.

■ The problem with appellant's argument, even assuming for purposes of the point that cause was not shown for disciplinary action against appellant, is § 79.240 confers on the mayor and board of aldermen of a fourth class city the right to remove appointed officials without cause. In a number of reported cases, this status of such municipal appointees as employees at the will of the city has been recognized, even as against a constitutional challenge on equal protection grounds. *Amaan v. City of Eureka*, 615 S.W.2d 414 (Mo. banc), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981).

A case directly in point is *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 (Mo.App. 1977). There, plaintiff's decedent was a police officer in the employ of Creve Coeur, a city of the fourth class. He was supplied a list of charges asserting improper conduct and after he appeared before a "Police Committee" and later at a hearing before the mayor and board of aldermen, he was discharged. Suit was brought in the nature of a petition for review. The court held that the city was entitled to discharge Cooper under § 79.240 with or without cause and that authority was not affected by the hearings which had been accorded Cooper.

The principal difference between *Cooper* and the present case is the fact that Raytown has enacted a personnel code which gives employees of the city a structured grievance procedure and, purportedly, a right to judicial review under Chapter 536. There was no such code or protective ordinance in effect in Creve Coeur. That factor, however, does not alter the result.

If it be accepted, as the cited cases hold, that the mayor and aldermen in a fourth class city are expressly granted the authority by statute to remove appointed officials of the city without cause, the question is

what effect results when the city attempts to limit that power by enacting ordinances prescribing a structured procedure for employee discipline.

The Missouri Supreme Court has held in numerous cases exemplified by *City of Springfield v. Clouse*, 356 Mo. 1239, 1252, 206 S.W.2d 539, 546 (banc 1947), and more recently in *Sumpter v. City of Moberly*, 645 S.W.2d 359 (Mo. banc 1982) (Seiler, J., dissenting), that cities can exercise only such powers as are expressly or impliedly conferred upon them and, in the event the power is doubtful, it must be construed as not having been granted. In the case of *Tietjens v. City of St. Louis*, 359 Mo. 439, 444–45, 222 S.W.2d 70, 73 (banc 1949), the court noted that the state retains control to a great extent over the governmental functions of a city and to exercise a power, the city must find a specific delegation of the power from the state or an implied grant of that power.

■ It can only be concluded from the above authorities that the power granted to the mayor and aldermen in a fourth class city may not be circumscribed by ordinances which purport to vest contract employment rights in appointed municipal officers. This conclusion is supported by the opinion in *Sumpter v. City of Moberly, supra.*

In *Sumpter*, the city had entered into a memorandum of understanding with the Professional Firefighters Association, a labor union, covering wages, sick leave and other terms of employment for the city's firemen. The city later proposed and implemented certain work rule changes contrary to the memorandum. The union filed suit seeking to enjoin the action on the ground that the memorandum constituted a binding collective bargaining agreement. The court affirmed dismissal of the action on the ground that the city, under the reasoning of *City of Springfield v. Clouse, supra,* could not enter into a binding contract restricting the power of the city as respects at will employees.

■ Under the above cited cases, and other decisions referred to in those opinions, the rule is firmly established in Missouri that a public employer, particularly a municipality deriving its powers by delegation from the General Assembly, has no authority to limit by contract or ordinance the power granted the public body to hire and discharge at will its appointed officers. Such was the case in *Russell v. City of Raytown*, 544 S.W.2d 48 (Mo.App.1976).

*Russell* involved the same municipality and the same personnel code at issue in the present case. The plaintiff there had been appointed city attorney by the mayor and board of aldermen. After a change in office following an election, the mayor determined to discharge Russell and appoint a new city attorney. The action was approved by a majority of the aldermen. Russell brought suit claiming his removal was ineffective because, among other reasons, he claimed he had been given no notice or hearing as the personnel code required, and therefore the city had not shown cause to replace him. The court held § 79.240 gave the city the right to remove Russell as an appointed official without showing cause. Any ordinance which undertakes to restrict that power is contrary to state law and could not impinge on the authority of the city to remove an appointed officer. To like effect, *see also Moon v. City of Sedalia*, 723 S.W.2d 597 (Mo.App.1987), and cases there cited.

The result required in this case, based on the cited authorities, is to affirm appellant's demotion in rank, not on the merits of the complaint made as to his conduct, but because respondent has the authority to demote or dismiss any appointed city official without reason or for no reason at all. This disposition does not condone the conduct of respondent city in maintaining the pretext of its personnel code, misleading as it is to those in the city's employ or those who may seek employment, more than twelve years after the decision in *Russell*. That matter, however, is beyond judicial examination or redress.

The judgment is affirmed.

All concur.