Betty L. HENRY, Plaintiff–Respondent,

v.

The CITY OF ELLINGTON, Missouri, a Municipal Corporation, the City Council of the City of Ellington, Missouri, in Part, Consisting of Larry Gastineau, Gary Hanger, Tom Moss and Ray Lee Chilton, as Members thereof and as Individual Defendants herein, Defendants–Appellants.

No. 16482.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1990.

Application to Transfer Denied June 19, 1990.

G.H. Terando, Wilhoit, Edmundson, Terando & Welch, Poplar Bluff, for plaintiff-respondent.

Michael H. Maguire, Albert C. Lowes, Lowes & Drusch, Cape Girardeau, J. Max Price, Salem, for defendants-appellants.

PREWITT, Judge.

Plaintiff claims to have been wrongfully discharged by the city of Ellington and defendants, its aldermen. Following jury trial she received a verdict for $15,000 actual damages and punitive damages of $100 against each individual defendant. The tri-al court sustained defendants' motion for judgment notwithstanding the verdict as to the punitive damages. Judgment was entered for the actual damages and defendants appeal.

■ Defendants' first two points are premised on its assertion that plaintiff was an "at-will" employee who could be properly discharged at any time. She was the city clerk of Ellington. She was reappointed on April 8, 1985 and served until she was replaced on May 23, 1985.

■ Defendants are correct that an at-will employee generally has no action for wrongful discharge. *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988). Certain exceptions include those where "the employee had the benefit of a constitutional provision, a statute, or a regulation based on a statute." Id. at 663. However, as we determine that plaintiff was not an at-will employee, those exceptions in this rule are not applicable.

Ellington is a fourth-class city. Section 79.320 provides that the board of aldermen of a fourth-class city "shall elect a clerk for such board, to be known as 'the city clerk', whose duties and term of office shall be fixed by ordinance." Previous to plaintiff's reappointment the aldermen had enacted its ordinance No. 21.400 which provides that the aldermen appoint a city clerk "who shall hold office for a term of one year or until their [sic] successor is duly appointed and qualified." Ellington's ordinances also provide:

> 21.450. *Term of office.* The city clerk shall hold office for a term of one year and until their successor is duly appointed and qualified, unless sooner removed for cause. For failure to perform the duties of their office, the Board of Aldermen may at any time, upon written charges being filed and upon at least five days notice thereof given to the clerk, upon said charges being established to the satisfaction of a majority of the members of the Board of Aldermen, remove the city clerk and the Mayor shall declare their office vacant.

There was no attempt to bring any "written charges" nor other attempt to remove plaintiff "for cause". To support their ar-

gument under the first two points defendants rely upon cases such as *Fidler v. Personnel Committee*, 766 S.W.2d 158 (Mo.App.1989), and cases therein discussed. Those are not applicable here as no term of employment was authorized by statute for the positions. Here, § 79.320 authorized the city's board of aldermen to set a term of office and they did so, one year, unless sooner removed for cause.

Removing plaintiff without notice and without cause violated ordinances which the board of aldermen was authorized by statute to enact. Plaintiff was not an at-will employee and could bring an action for being discharged before the end of her term. Defendants' first two points are denied.

■ Defendants contend in another point that the submission instruction "for wrongful discharge" was erroneous. The instruction required the jury to find that defendants "improperly terminated" plaintiff and did so "intentionally". Defendants assert that it should have also included that defendants acted "without justification or excuse". Defendants argue that the instruction thus "omitted essential elements of the cause of action and the instruction as submitted was not impartial and free from argument."

There is no MAI submission instruction on wrongful discharge and plaintiff apparently modeled her instruction after MAI 23.11, a verdict-directing instruction for tortious interference with contract. That instruction requires in paragraph third that the jury find that "defendant did so intentionally and without justification or excuse". See MAI 23.11.

However, even if defendants are correct in their argument that the instruction is improper, a question we do not reach, reversal of the judgment is not called for here. The prejudicial effect of an erroneous instruction is to be judicially determined. See Rule 70.02(c). No appellate court shall reverse a judgment unless error was committed against the appellant "materially affecting the merits of the action." Rule 84.13(b). Unless justice otherwise requires, this court should fully dispose of the case. Rule 84.14.

Defendants have acknowledged that they did not follow their ordinances, contending that they were invalid as to the term of the city clerk. They admit that if the ordinances are valid plaintiff was improperly terminated and the remaining issue would be her damages. Damages are not questioned here. Thus, even if the instruction was incorrect, defendants were not prejudiced.

There were no significant factual disputes regarding plaintiff's discharge. She was discharged before her term expired in violation of the ordinance procedure, which might have been implemented had cause for early termination been present. The omission of "without justification or excuse" in the instruction was not prejudicial because, as this court sees the law, Ellington's ordinances were valid and under them no justification or excuse for plaintiff's discharge appears. This point is denied.

■ In their remaining point defendants contend the trial court erred in submitting punitive damages to the jury because there was no evidence which would support the submission. Acknowledging that the trial court set aside the award of punitive damages, defendants contend this did not cure the error because plaintiff's counsel was able to argue that "Defendants wanted to hurt her".

We find no prejudicial error. The assessment of punitive damages was submitted by separate instructions and was a separate issue. We do not think that by submitting it the jury would have been more inclined to have given actual damages or a greater amount of actual damages. We presume that the jury was able to separate these issues and properly did so. In addition, as stated in discussing the previous point, there were no significant factual disputes for the jury and damages are not now questioned. Point three is denied.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.