Mary CARTER, et al., Appellants,

v.

CITY OF PAGEDALE, Missouri, Respondent.

No. 73456.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 1, 1998.

Ryan S. Shaughnessy, St. Louis, for appellant.

Frank Susman, Gregory K. Allsberry, Clayton, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Appellants appeal from the judgment entered in favor of the City of Pagedale (City). Appellants contend the trial court erred in holding the City was authorized as a matter of law to appoint the chief of police under Section 79.050, RSMo 1994. Appellants argue that Section 79.050 grants to the City Board of Aldermen the power to create the office of the chief of police and Section 79.230, RSMo 1994,[1] grants to the mayor the power to appoint officers to positions created by ordinance. We reverse.

The parties submitted the case to the trial court on stipulated facts. The City of Pagedale is a fourth-class city. Section 79.050 permits the board of aldermen of a fourth-class city to provide for the appointment of the chief of police rather than the election of a city marshal. Section 79.050 provides, in pertinent part, as follows:

The board of aldermen may provide by ordinance, after the approval of a majority of the voters voting at an election at which the issue is submitted, for the appointment of a ... chief of police.

On February 13, 1975, the City Board of Aldermen adopted Ordinance No. 522, which placed the issue of appointment of the chief of police on the election ballot. The Proposition stated, "Proposition that the Board of Aldermen of the City of Pagedale, Missouri, may provide for the appointment of a chief of police." On April 1, 1975, the proposition passed by a majority of the City's electorate.

On June 11, 1992, the City Board of Aldermen passed Ordinance No. 975, titled "AN ORDINANCE PROVIDING FOR THE APPOINTMENT OF A CHIEF OF POLICE FOR THE CITY OF PAGEDALE, SALARY PROVISIONS, DUTIES & RESPONSI-

BILITIES, AND REPEALING ALL ORDINANCES IN CONFLICT HEREWITH." Section 1 of Ordinance 975 provided in relevant part, "The Chief of Police, who shall be appointed by the Mayor and approved by the Board of Alderpersons, shall receive...."

On May 9, 1996, the City Board of Aldermen adopted Ordinance No. 1078, which repealed Ordinance 975. Section 1 of Ordinance 1078 stated the method of appointment for the chief of police as, "The Chief of Police shall be appointed by a majority of the Board of Alderpersons." Appellant Mary Carter, the mayor of the City, vetoed Ordinance 1078, but the veto was overridden by a two-thirds majority of the City Board of Aldermen, the Mayor's objections notwithstanding.

Appellants filed suit against the City, challenging the validity of Ordinance 1078 authorizing the City Board of Alderman to appoint the chief of police. The trial court upheld the validity of the ordinance and entered judgment in favor of the City. This appeal followed.

In a case tried on stipulated facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from the stipulated facts. *State Farm Mut. Auto. Ins. Co. v. Sommers,* 954 S.W.2d 18, 19 (Mo. App. E.D.1997). Our standard of review is that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.; Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellants argue Ordinance 1078 is invalid because it conflicts with the terms of Section 79.230. Section 79.230 grants to the mayor the power to appoint the chief of police. That section, titled "Appointive officers," states, in pertinent part:

The mayor, with the consent and approval of the majority of the members of the board of aldermen, *shall have the power to appoint* a treasurer, city attorney, city assessor, street commissioner, and night watchman, *and such other officers* as he

1. All further statutory references will be to RSMo 1994, unless otherwise indicated.

may be authorized by ordinance to appoint. (Our emphasis.)

Appellants argue because the City Board of Aldermen provided for the appointment of the chief of police by ordinance pursuant to Section 79.050, the mayor has the authority to appoint the chief of police subject to the approval of the City Board of Aldermen under Section 79.230. Appellants conclude Ordinance 1078 is void under Section 71.010 because it conflicts with a State statute, Section 79.230, by attempting to give to the City Board of Aldermen, rather than the mayor, the authority to appoint the chief of police by city ordinance.

■■■ Section 71.010 sets forth the general authority of the City Board of Aldermen and provides in relevant part:

Any municipal corporation ... having authority to pass ordinances ... shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject.

A municipality derives its governmental powers from the state and exercises generally only such governmental functions as are expressly or impliedly granted it by the state. *City of Dellwood v. Twyford*, 912 S.W.2d 58, 59 (Mo. banc 1995). A municipal ordinance must be in harmony with the general laws of the state and is void if in conflict. *Miller v. City of Manchester*, 834 S.W.2d 904, 907 (Mo.App. E.D.1992) (citing *Morrow v. City of Kansas City*, 788 S.W.2d 278, 281 (Mo. banc 1990)). In determining whether an ordinance conflicts with general laws, the test is "whether the ordinance permits that which the statute forbids and prohibits, and vice-versa." *City of Dellwood*, 912 S.W.2d at 59.

■■■ Section 79.230 expressly gives the mayor the authority to appoint named officials and "such other officers as he may be authorized by ordinance to appoint." The board of aldermen may provide for appointment of a chief of police, Section 79.050, but there is no statutory authority which grants the power to appoint to the board of aldermen. No statute, expressly or impliedly, allows the board of aldermen to appoint any

city officer. The board of aldermen is only expressly given the authority to *elect* the city clerk, Section 79.320, and the mayor pro tem, Sections 79.090 and 79.100.[2] If there is doubt as to whether a power has been conferred, it must be construed as not having been granted. *Fidler v. Personnel Committee for the City of Raytown*, 766 S.W.2d 158, 160 (Mo.App. W.D.1989); *State ex rel. Mitchell v. City of Sikeston*, 555 S.W.2d 281, 288 (Mo. banc 1977).

We conclude Section 79.050 only permits the board of aldermen to provide for the appointment of the chief of police by creating the office. It does not authorize the board of aldermen to fill the office by its own appointment. This authority is an ordinance to provide for appointment instead of election as the manner in which an individual may be put into office, but does not grant the authority to the board of aldermen to make the appointment of the chief of police itself.

As the Missouri Supreme Court stated in *Hadley v. Washburn*, 167 Mo. 680, 67 S.W. 592, 595 (Mo.1902), "to provide by law the manner in which an appointment shall be made is one thing, to make the appointment is another." In *Hadley*, the Missouri Supreme Court addressed whether Article 14 of the Missouri Constitution permitted the General Assembly to appoint or to direct the appointment of a county commissioner. *Id.* At the time of the *Hadley* decision, Section 9 of Article 14 of the Missouri Constitution provided, in pertinent part, "The appointment of all officers not otherwise directed by this constitution shall be made in such manner as may be prescribed by law." *Id.* The Supreme Court held that Article 14 authorized the general assembly "to pass a law prescribing the manner in which an appointment shall be made, but it does not authorize the general assembly to make the appointment itself . . ." *Id.*

■■■ In response, City argues Section 85.620 expressly grants the board of aldermen the power to appoint the chief of police. Section 85.620 provides, "the police of the

---

**2.** Section 79.090 allows the board to elect one of their own to be the "acting president of the board of aldermen" and that acting president perform the duties of the mayor, or becomes the mayor pro tem, pursuant to Section 79.100 in the case of a vacancy in the office of the mayor.

city may be appointed in such numbers, for such times and in such manner as may be prescribed by ordinance." City argues that because this section does not make a distinction between the chief of police and other police officers, all officers, including the chief of police, may be appointed by the City Board of Aldermen in the manner provided by ordinance. We disagree. The statute grants the City Board of Aldermen authority to regulate the police. It does not grant authority to appoint. The *Hadley v. Washburn* distinction applies.

In contrast, Section 79.230 grants authority to appoint to a mayor. An ordinance may not conflict with this statute. Ordinance 1078 usurps the authority conferred by statute. The authority granted to the mayor to appoint officers may not be circumscribed by ordinance. We find the trial court erroneously declared the law. Accordingly, the judgment is reversed.

KAROHL, J., and ROBERT E. CRIST, Senior Judge, concur.