NATIONSBANK, N.A., n/k/a Bank of America, N.A., Respondent,

v.

James TEGETHOFF, Jr., et al., Appellants.

No. ED 76380.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2000.

Application for Transfer Denied June 27, 2000.

Lewis, Rice & Fingersh, L.C., Richard B. Walsh, Jr., Maureen C. Beekley, St. Louis, for appellant.

William R. Bay, Reginald L. Harris, Thompson Coburn LLP, for Respondent United Way of Greater St. Louis.

Bryan Cave, LLP, David S. Slavkin, Mark G. Holden, St. Louis, for respondent Bank of America.

GARY M. GAERTNER, Presiding Judge

Appellants, Virginia A. Thomas, James Tegethoff, Jr., Jill Boulanger, Tracy Tegethoff, Thomas Tegethoff, James Tegethoff, III, Jean Goggins, Father James Goggins, Daniel Goggins and Julie Sobkoviak, ("beneficiaries" [1]), appeal the judgment of the Circuit Court of the City of St. Louis in favor of respondent, Bank of America, N.A., ("trustee"), wherein the court found the testator did not intend to create an absolute gift of support and instructed trustee that it could consider a beneficiary's other financial resources in determining whether to encroach upon the trust corpus. We affirm.

The parties stipulated to the facts. Trustee is a corporation duly authorized to act as a trustee in Missouri. Joseph A. Foerstel, ("testator"), died on July 31, 1945. He left his last will and testament dated March 19, 1937. In Article Third of his will, testator named the St. Louis Union Trust Company, herein known as trustee and testator's wife, Josephine M. Foerstel, ("Mrs.Foerstel"), as trustees to hold the residue of his estate in trust, ("Residuary Trust"). Under the terms of the Residuary Trust, the trustees were to pay the entire net income to Mrs. Foerstel, and at her death were to hold the trust estate in

---

1. Collectively we will refer to them as beneficiaries and individually by name, as necessary.

equal shares for the benefit of testator's children, Howard R. Foerstel and Virginia A. Foerstel, (n/k/a Virginia A. Thomas), ("Thomas"). Mrs. Foerstel is deceased and Howard R. Foerstel is deceased (without surviving descendants), and Thomas is the sole income beneficiary, currently serving as co-trustee with trustee. Thomas had three children, Joan Copenhaver, Jean Goggins and James Tegethoff, Jr., prior to the death of testator. All of Thomas' children are currently living and they each have numerous children and grandchildren currently living.

Article FIFTH of testator's will provides:

> I hereby authorize the Trustees to encroach upon the principal of the trust estate for the proper maintenance and support of my said wife, and the education, maintenance, and support of my children, or their descendants, if this becomes necessary in the opinion of the Trustees, or to provide against any emergency which may arise afflicting them, or any of them, occasioned by sickness, accident, ill health, affliction, misfortune or otherwise, and they may make such encroachments from time to time and in such amounts as they may consider reasonable and necessary under the circumstances for the purposes stated.

The interests of testator's descendants in the Residuary Trust will terminate upon the death of the survivor of his descendants living on the date of his death. Currently such descendants include Thomas and three of her children, Joan Copenhaver, Jean Coggins and James Tegethoff, Jr. Following the termination of the interests of testator's descendants, the Residuary Trust is to continue for testator's brother, John Frank Foerstel, for his life, and then for the benefit of his children living on the date of testator's death, and for the benefit of testator's second cousins Marcella Carlton and James Carlton or the survivor of such persons. Upon the death of the survivor of such persons, the Residuary Trust is to be continued in perpetuity for the United Way.

On June 9, 1986, Thomas became the sole income beneficiary of the Residuary Trust upon the death of her brother, Howard R. Foerstel.

On May 29, 1987,[2] Thomas sent trustee a letter demanding that "in accordance with Article FIFTH of the will, the health, education, maintenance and support needs of [herself, her] children, grandchildren and their descendants be paid from the principal of the trust." The letter also requested beneficiaries be reimbursed from the principal of the trust for all past bills for their health, education, maintenance and support needs.

On December 11, 1987, Thomas sent trustee a letter making specific demand for principal encroachments covering current and past expenses of the beneficiaries, for the then current year (1987) and previous years as early as 1972. This demand, which was accompanied by documentary evidence of the expenses, totaled over $52,-000.

On March 7, 1988, trustee replied to the December 11, 1987 request after such request was considered by the "Committee on Trust Estates." In the reply, trustee expressed its difficulty in determining whether the expenses were "necessary," noting the expenses were in fact paid by each of the respecting beneficiaries, suggesting each had the means to pay for the expenses, and therefore encroachment may not be "necessary" within the meaning of Article FIFTH of the Will. The letter concluded by approving $32,067.26 of the request and not approving encroachment requests for expenses incurred prior to 1985.

On October 27, 1988, Thomas sent another request to trustee, making encroach-

---

**2.** Trustee's records show no indication of principal encroachment requests prior to

when Thomas became the sole income beneficiary.

ment requests on behalf of herself, her children and descendants of each of the children, for educational, maintenance, support and medical bills incurred by the beneficiaries. This request totaled $93,915.92 and included a request for $34,200 for a housing allowance for Thomas.

The Committee of Trust Estates required further information regarding Thomas' expenses in order to evaluate her request for a housing allowance. On December 30, 1988, an attorney representing Thomas provided such information to the Committee.

On January 26, 1989, trustee denied the request for the above referenced housing allowance stating that two Committees "[have] had a difficult time convincing [themselves] that a beneficiary who receives $82,000 in income per year from a Trust would have a need for an additional $34,000 in housing." The request was subsequently modified and resubmitted. Thereafter, the Committee approved an encroachment of $50,474.47.

On November 8, 1989, Thomas requested $38,104.42, for educational and medical bills incurred by the beneficiaries. The Committee approved the request without adjustment and did not request additional information from the beneficiaries in making its determination.

On December 17, 1990, an encroachment request was made totaling $68,152.80. The Committee did not approve the request due to insufficient information. On May 14, 1991, trustee wrote to Thomas' attorney requesting additional information, including the 1989 and 1990 income tax returns of each of the requesting beneficiaries, in order for trustee to further examine the circumstances of each of the beneficiaries to determine necessity for the encroachment.

On May 17, 1991, Thomas' attorney replied stating, "[t]his is the first time your

committee has requested tax returns from the descendants."

Since May 14, 1991, trustee has requested copies of income tax returns of each of the requesting beneficiaries.[3]

On October 30, 1997, trustee filed a petition for instructions, requesting the trial court to instruct it on how much and what kind of information it may request from the beneficiaries of testator's will in determining whether to honor encroachment requests. Trustee named beneficiaries as defendants. On April 6, 1998, the trial court granted the parties' request to resolve this action through submission of stipulated facts.

On May 4, 1999, the trial court held Article Fifth did not create an absolute gift of support and thus, permitted trustee to consider a beneficiary's other financial resources. The trial court further held trustee did not waive its rights to consider such financial resources by its earlier actions of encroaching on the principal of the Residuary Trust without such information. Beneficiaries appealed.

Beneficiaries raise one point on appeal. They allege the trial court erred in finding the testator did not intend to make an absolute gift of support and the court erred in finding trustee could inquire into a beneficiary's other resources when determining the necessity of encroachment in that testator did not use language evidencing such intent. We disagree.

■■■ Our standard of review is that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Further, "[i]n a case tried on stipulated facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from the stipu-

---

3. The record does not indicate any details regarding requests after trustee's May 14, 1991 request of tax returns of each of the requesting beneficiaries.

lated facts." *Carter v. City of Pagedale,* 982 S.W.2d 744, 745 (Mo.App. E.D.1998).

In construing a will, the courts will use as a guide the intent of the testator as evidenced in the language of the will read as a whole. *Magruder v. Magruder,* 525 S.W.2d 400, 405 (Mo.App.StL.D.1975). The limited law in Missouri regarding a trustee's right to consider the other resources of a beneficiary when a request has been made to invade the principal of a trust, illustrates the primary question succinctly: "Does the will constitute an absolute gift of support and maintenance...?". *Winkel v. Streicher,* 295 S.W.2d 56, 61 (Mo.banc 1956). Or, is the gift of income coupled with a provision that the principal may be invaded in case of need? *Id.* If the former question is answered affirmatively, then the private income of the beneficiary cannot be considered. *Id.* However, if the latter question rules, then "the private income of the beneficiary must be considered in determining whether such need exists." *Id.* In order to make a determination in these cases, we examine the language of the will and the surrounding circumstances. *Id.* However, given "the many possible variations in language, circumstances, and properties", the only general rule available is "the intention of the [testator] must govern in each particular case." *Id.*

In the case at bar, an examination of testator's Article FIFTH supports the trial court's conclusion that the testator did not intend to give beneficiaries an absolute gift of . support and maintenance. Testator's Article FIFTH reads, "I hereby authorize the Trustees to encroach upon the principal of the trust estate for the proper maintenance and support of my said wife, and the education, maintenance, and support of my children, or their descendants, if this becomes necessary in the opinion of the Trustees...". Testator's words illustrate his intent to give his wife, Mrs. Foerstel, an absolute gift of "proper maintenance and support", but not his children and their descendants, who are the beneficiaries herein. A contrary reading would result in negating testator's own language of "if this becomes necessary in the opinion of the Trustees." It is clear from testator's own language he intended to give trustees the power to encroach upon the principal to maintain and support his wife, but limited their power to encroach upon the principal for beneficiaries to circumstances when "this becomes necessary." This intent is further illustrated in testator's language wherein Article FIFTH states:

> ...or to provide against any emergency which may arise afflicting them, or any of them, occasioned by sickness, accident, ill health, affliction, misfortune or otherwise, and they may make such encroachments from time to time and in such amounts as they may consider reasonable and necessary under the circumstances for the purposes stated.

If testator had intended an absolute gift of support to beneficiaries, the above referenced language would have to be completely ignored and considered surplusage, which would thwart testator's intention therein. We consider Article FIFTH as a whole, and therefore conclude the gift of income to beneficiaries was coupled with a provision that the principal may be invaded only in cases of need.

The latter conclusion is also supported by the circumstances surrounding the will: testator died in 1945, leaving behind a wife, Mrs. Foerstel, two living children and three grandchildren. By stipulation, we understand that the Residuary Trust is to continue for the testator's brother and his children living on the date of testator's death and for two of testator's cousins or their survivors. Upon the death of the last of the survivors of such persons, the Residuary Trust is to continue in perpetuity for the United Way. All of these factors support the conclusion that testator did not intend to give beneficiaries an absolute gift of support and maintenance. Given this conclusion, we find the private income

of beneficiaries must be considered when determining whether need exists.

Based on the foregoing, the judgment of the trial court is affirmed.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.